

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Sidney Latham
Secretary of State
Austin, Texas

Dear Sir:

Opinion No. O-637?
Re: Under the given facts
should Earl Conner Jr., of
Eastland County be Commissioned
as "County Attorney", "County
and District Attorney", "District
Attorney" or a "Criminal District
Attorney"?

We have received and carefully considered your request for an opinion on the above matter, said request reading as follows:

"This office received an election return showing Earl Conner, Jr. as having been elected District Attorney of Eastland County, Texas.

"The county clerk advises that the title of this office appeared on the ballot as 'County and District Attorney.' The county judge has previously advised this office that they operate under the statute providing for a criminal district attorney in those counties comprising two or more judicial districts. Eastland County comprises both the 88th and the 91st judicial districts.

"In the light of the above facts, will you please advise this Department upon the following inquiry:

"Should Earl Conner, Jr. be commissioned as 'County Attorney,' 'County and District Attorney,' 'District Attorney,' or a 'Criminal District Attorney?'"

Art. 5, Sec. 21, of the Constitution of Texas, is as follows:

"A county attorney, for counties in which there is not a resident criminal district attorney, shall be elected by the qualified voters of each county, who shall be commissioned by the Governor, and hold his office for the term

of two years. In case of vacancy the commissioners' Court of the county shall have power to appoint a county attorney until the next general election. The county attorneys shall represent the State in all cases in the District and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a district attorney, the respective duties of district attorneys and county attorneys shall in such counties be regulated by the Legislature. The Legislature may provide for the election of district attorneys in such districts, as may be deemed necessary, and make provision for the compensation of district attorneys, and county attorneys; provided, district attorneys shall receive an annual salary of five hundred dollars, to be paid by the State, and such fees, commissions and perquisites as may be provided by law. County attorneys shall receive as compensation only such fees, commissions and perquisites as may be prescribed by law."

Article 322, Vernon's Annotated Civil Statutes, provides for the election of district attorneys in certain judicial districts, but the 88th and 91st judicial districts are not named therein.

Art. 329 of said statutes reads as follows:

"A county attorney for counties in which there is not a resident criminal district attorney, shall be biennially elected for a term of two years by the qualified voters of each county."

You state in your request that the County Judge of Eastland County has previously advised you that they operate under the statute providing for a Criminal District Attorney in those counties comprising two or more judicial districts. We have been unable to find any statute authorizing a Criminal District Attorney in counties comprising two or more judicial districts. The only statute we have been able to find that would apply to Eastland County is Article 326k-11, passed in 1941, which provides for a Criminal District Attorney in all counties in the State not embraced in or consituting either a Criminal District Attorney's District or a District Attorney's District and wherein the duty of representing the State in all criminal matters arising in such county devolves upon the county attorney of such county, and we presume this is the statute under which Eastland County has been operating.

In our opinion No. O-5024, a copy of which is enclosed herewith, we held said Article 326k-11 unconstitutional. We here adopt said holding, and it is our opinion that Eastland County has not been, and is not now, authorized to have a Criminal District Attorney.

In further support of this opinion, we direct your attention to the case of Hill County vs. Sheppard, Comptroller, 178 S. W. (2nd) 261, wherein the Supreme Court was passing upon Article 326q of Vernon's Annotated Civil Statutes, which was also passed in 1941 and which attempted to create the office of Criminal District Attorney in certain counties. The Supreme Court stated as its opinion that the term "Criminal District Attorney", as used in the Constitution, refers to a class or kind of district attorneys and that a Criminal District Attorney is a District Attorney within the meaning of the Constitution.

Therefore, if a Criminal District Attorney is a District Attorney, within the meaning of the Constitution, and if Eastland County is not authorized to have a District Attorney under Art. 322, then it will be governed by Article 329 above set out providing for a county Attorney in counties where there is no resident Criminal District Attorney, or, as held by the Supreme Court, in counties where there is no District Attorney. Accordingly, you are advised that the law under which Eastland County has been operating is unconstitutional and void, and that in any event Eastland County is only authorized to have a County Attorney and the said Earl Conner, Jr. should be commissioned as County Attorney. In further support of this conclusion, we are advised by Mr. Conner that he qualified as County Attorney and made bond as County Attorney, which bond was approved by the Commissioners' Court of Eastland County.

Trusting that this satisfactorily answers your inquiry, we remain

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Jas. W. Bassett*
Jas. W. Bassett
Assistant

JWB:ls

APPROVED FEB 16 1945

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY [BW73]
CHAIRMAN